UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

**MICHELLE PETREY,** *on behalf of herself and others similarly situated*,

                             **Plaintiff,**

    vs.                                      3:20-CV-01147 (MAD/ML)

**VISIONS FEDERAL CREDIT UNION,**
                              **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **KALIEL GOLD PLLC**<br>1100 15th Street NW - 4th Floor<br>Washington, District of Columbia 20005<br>Attorneys for Plaintiff | **JEFFREY D. KALIEL, ESQ.** |
| **KALIEL GOLD PLLC**<br>950 Gilman Street, Suite 200<br>Berkeley, California 94710<br>Attorneys for Plaintiff | **SOPHIA GOREN GOLD, ESQ.** |
| **WILENTZ GOLDMAN & SPITZER PA**<br>90 Woodbridge Center Drive, Suite 900<br>Woodbridge, New Jersey 07095<br>Attorneys for Plaintiff | **KEVIN P. RODDY, ESQ.** |
| **THE KICK LAW FIRM**<br>815 Moraga Drive<br>Los Angeles, California 90049<br>Attorneys for Plaintiff | **TARAS KICK, ESQ.**<br>**JEFFREY BILS, ESQ.** |
| **LITCHFIELD, CAVO LAW FIRM**<br>420 Lexington Avenue, Suite 2104<br>New York, New York 10170<br>Attorneys for Defendant | **BRIAN GITNIK, ESQ.** |
| **LITCHFIELD CAVO LLP**<br>303 West Madison Street, Suite 300<br>Chicago, Illinois 60606<br>Attorneys for Defendant | **MICHAEL L HAHN, ESQ.**<br>**BRADLEY E. FABER, ESQ.**<br>**JAMES R. BRANIT, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

The Court, having considered Plaintiff Michelle Petrey's Unopposed Motion for Preliminary Approval of Class Settlement[1] and all of its supporting documents (collectively, the "Motion"), and the Settlement Agreement and Release executed by Defendant Visions Federal Credit Union on June 22, 2022 and by Plaintiff Michelle Petrey on June 25, 2022 (the "Settlement Agreement"), rules as follows:

1. Defined terms in this Order shall have the same meaning given such terms in the Settlement Agreement.

2. This Court finds on a preliminary basis that the class as defined in the Settlement Agreement ("Settlement Class") meets all of the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. Accordingly, the Court provisionally certifies the Settlement Class, which is composed of all current and former members of Defendant with consumer accounts, who were charged a Relevant Fee during the Class Period. *See* Dkt. No. 92-1 at ¶ 49.

3. The Court provisionally appoints Plaintiff Michelle Petrey as the Class Representative of the Settlement Class.

4. The Court appoints Epiq Systems as the Settlement Administrator under the terms of the Settlement Agreement.

5. For purposes of the Settlement Agreement, the Court further provisionally finds that counsel for the Settlement Class, as set forth in the Settlement Agreement, *see* Dkt. No. 92-1 at ¶ 17, are qualified, experienced, and skilled attorneys capable of adequately representing the

---

[1] Plaintiff also requests certification of the Settlement Class. *See* Dkt. No. 92 at 28-25; Dkt. No. 92-1 at ¶ 54.

Settlement Class, and they are provisionally approved as Class Counsel.

6.     This certification of a preliminary Settlement Class under this Order is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of Defendant in this Action that any other proposed or certified class action is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule or common law. Entry of this Order is without prejudice to the rights of Defendant to oppose class certification in this action should the settlement not be approved or not be implemented for any reason or to terminate the Settlement Agreement as provided in the Settlement Agreement.

7.     The Court provisionally, and solely for purposes of this settlement, finds that the members of the Settlement Class are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the Class Members and these common issues predominate over any issues affecting only individual members of the Settlement Class, that the claims of Plaintiff Michelle Petrey are typical of the claims of the Settlement Class, that in prosecuting this Action and negotiating and entering into the Settlement Agreement, Plaintiff Michelle Petrey and her counsel have fairly and adequately protected the interests of the Settlement Class and will adequately represent the Settlement Class in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

8.     The Court has reviewed the Settlement Agreement, the attached Notice of Pending Class Action and Proposed Settlement ("Notice") (Exhibit 1 to the Settlement Agreement), and the attached Legal Notice of Class Action Settlement (Exhibit 2 to the Settlement Agreement), and finds that the settlement memorialized therein falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for preliminary approval, and that

the Notice should go out to the Settlement Class in the manner described in the Settlement Agreement. The settlement appears to be reasonable in light of the risk inherent in continuing with litigation. The Court also notes that the settlement is a non-reversionary one where no money will be returned to the Defendant. The Court also notes that the settlement was arrived at after an arm's length negotiation involving experienced counsel.

9. The Court finds that the methods of giving notice prescribed in the Settlement Agreement meet the requirements of the Federal Rules of Civil Procedure and due process, are the best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled thereto, and comply with the requirements of the Constitution of the United States, and all other applicable laws.

10. For the purposes stated and defined in the Settlement Agreement, the Court hereby sets the following dates and deadlines:

| Event | Deadline |
| --- | --- |
| Claims Administrator Sends Notice and Website Goes Live | Within Thirty Days After the Date of this Order |
| Last Day to Opt Out | Forty-Five Days After Claims Administrator Sends Notice |
| Motion for Final Approval and Attorneys' Fees Filed with Court | Thirty Days After Claims Administrator Sends Notice |
| Last Day to Object | Fifteen Days After Motion for Final Approval and Attorneys' Fees is Filed with the Court |
| Last Day to File Responses to Objections and Class Counsel's and Defendants' Replies in Support of Motion for Final Approval and Attorneys' Fees | Ten Days After Last Day to Object |
| Final Approval Hearing | Thirty Days After Last Day to Opt Out |
| Filing by Claims Administrator of Final Report | Thirty Days After Time to Cash Checks has Expired |

11. The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the Class, or for objecting to the proposed settlement, as provided for in the Settlement Agreement.

12. All costs incurred in connection with providing notice and settlement administration services to the Class Members shall be paid from the Settlement Fund.

13. If the settlement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the parties to the action as they existed prior to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

Good cause appearing therefore, **IT IS SO ORDERED.**

Dated: December 6, 2022
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge